IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DARREN L. ROBINSON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:09-1324** |
| ) | **(Criminal No. 5:07-0012)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and a Memorandum in Support asserting claims of ineffective assistance of his trial and appellate counsel, Mr. Jason Parmer.[1] Document Nos. 80 and 81. Having conducted a thorough examination of the record in this matter and the underlying criminal proceedings in the District Court and the Fourth Circuit Court of Appeals, the undersigned has determined that the record conclusively shows that Movant is entitled to no relief and respectfully recommends that this matter be dismissed.

**FACTUAL BACKGROUND**

Movant was charged in a Three Count Indictment filed on January 9, 2007, with distributing cocaine (Count One) and cocaine base (Counts Two and Three) in August and November, 2006, in violation of 21 U.S.C. § 841(a)(1). United States v. Robinson, Criminal No. 5:07-0012, Document No. 1. Movant was arrested in the Southern District of Ohio on April 2, 2007, and transferred to this

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

District. Id., Document No. 7. The Court conducted Movant's initial appearance on April 13, 2007, and his arraignment and detention hearing on April 20, 2007. Id., Document Nos. 9 and 17 - 19. The United States filed its Response to Defendant's Standard Discovery Requests on April 20, 2007. Id., Document No. 16.[2] Movant entered a guilty plea to the charge contained in Count One of the Indictment in the District Court on June 7, 2007. Id., Document Nos. 26, 30 and 31. On September 25, 2007, Mr. Parmer filed Defendant's Sentencing Memorandum urging the District Court to "exercise its discretion under 18 U.S.C. § 3553(a), not apply the career offender enhancement, and render a lighter sentence than called for in the pre-sentence report." Document No. 35. Mr. Parmer also objected to the Office of Probation's recommendation in the Presentence Investigation Report that Movant be sentenced as a career offender arguing that, in view of the circumstances underlying Movant's commission of the predicate offenses and the offense charged in Count One of the Indictment, the career offender Guidelines resulted in too harsh a sentence. Document No. 57, p. 28. The District Court sentenced Movant on October 2, 2007, as a career offender to a 168 month term of imprisonment and a three year term of supervised release and imposed a $100 special assessment.[3] Id., Document No. 41.[4] On October 2, 2007, Movant filed a Notice of Appeal through his attorney,

---

[2] The undersigned notes that, among other things, the United States disclosed respecting Court One of the Indictment a copy of a police report "regarding controlled buy from defendant on August 15, 2006, and related documents including confidential informant information, lab report, and CD-rom containing audio and video content." The United States also provided a copy of Movant's criminal history.

[3] Movant qualified as a career offender under the United States Sentencing Guidelines and for credit for acceptance of responsibility. (Document No. 57 (Presentence Investigation Report), ¶¶ 40 and 41.) The District Court sentenced Movant, therefore, to a term of imprisonment in the range designated for Offense Level 29, Criminal History Category VI. (Document No. 51 (Sentencing Transcript), pp. 7 - 8.)

[4] The Bureau of Prisons' Inmate Locator indicates that Movant's projected release date is July 27, 2019.

Mr. Parmer, and the District Court authorized him to proceed on appeal *in forma pauperis* on October 17, 2007. Id., Document Nos. 39 and 44. Mr. Parmer filed an <u>Anders</u> brief asserting that there were no meritorious issues to appeal and contending that the District Court erred in denying Movant's request for a downward departure in sentencing him. The Court of Appeals informed Movant that he could file a *pro se* supplemental brief, but he did not do so. By *per curiam* Opinion, the Fourth Circuit affirmed Movant's conviction and sentence on June 3, 2008. <u>Id.</u>, Document No. 58.

On December 9, 2009, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and a Memorandum in Support asserting claims of ineffective assistance of counsel. (Document Nos. 80 and 81.) Movant claims in his Motion that his attorney was ineffective in representing him at the trial and appellate levels in failing

> – to conduct a reasonable investigation into the facts and circumstances of the case. Counsel failed to learn the relevant law and failed to evaluate its application to the case. Counsel egregiously advised [Movant] to plead guilty without a sufficient understanding of the facts and likely consequences.
>
> – to advise Movant of the issues available for appeal.
>
> – to subject the prosecution's case to meaningful adversarial testing on appeal. Appellate Counsel also failed to act as an advocate for [Movant] on appeal as required by the Sixth Amendment to the United States Constitution.

Document No. 80, pp. 4 - 5. In his Memorandum of Law, Movant asserts more specifically that Mr. Parmer advised him to plead guilty "without conducting any reasonable investigation into the facts and circumstances of the case; and without inquiring into [Movant's] criminal history. Counsel simply accepted the Government's version of the facts as true and advised [Movant] that he would be facing 30 to 37 months if he would plead guilty." Document No. 81, p. 8. Movant further claims that Mr. Parmer urged him to enter a written plea agreement containing a general waiver of his right to appeal his sentence if it fell within the applicable range under the Sentencing Guidelines without

3

any indication that he might qualify as a career offender. Id.[5] Movant states that "[w]ithout a clear understanding of these facts and circumstances, one cannot conclude that [Movant] knowingly entered into the plea agreement." Id. Movant contends therefore that because of Mr. Parmer's ineffective representation, he did not know what consequences of pleading guilty might develop in his sentencing and on appeal. Movant further contends that Mr. Parmer "effectively abandoned [Movant]'s direct appeal and filed an Anders brief . . . thereby causing [the appeal of his] conviction and sentence to be summarily dismissed." Id., p. 10. Movant asserts that Mr. Parmer was ineffective in failing to point out the District Court's error in calculating his sentence under the Sentencing Guidelines on appeal. Movant states that, based upon the amount of cocaine which he was charged with distributing (.4 grams), the District Court should have found his Offense Level to be 12 under U.S.S.G § 2D1.1. Movant states that the District Court "erroneously began the computation of the total offense level with an incorrect offense level of 18." Id., p. 11.[6] Movant argues that if Mr. Parmer

---

[5] Appeal waivers are valid and enforceable if they are made knowingly and intelligently. The District Court inquired whether Movant understood the waivers contained in the written plea agreement and determined that Movant did. Document No 50, pp. 8 - 9. It therefore appears that Movant's appeal waivers are valid. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012); *United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007); United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

[6] In its Presentence Investigation Report, the Office of Probation determined that Movant was "responsible for at least 1.43 grams of cocaine base. Should the Court agree, the Base Offense Level for an offense involving at least one gram but less than two grams of cocaine base is 18." Document No. 57, ¶¶ 33 and 39. Actually, U.S.S.G.§ 2D1.1 provides that Offense Level 18 applies when the offense involves at least two but less than three grams of cocaine base. Offense Level 16 applies when the offense involves at least one gram but less than two grams of cocaine base. The Presentence Investigation Report therefore was incorrect in this respect. The District Court accepted the Office of Probation's incorrect statement stating "I find a total offense level of 29; that is, a base offense level of 18 under § 2D1.1, adjusted upward to 32 under § 4B1.1, under the career offender enhancement, minus three for acceptance of responsibility." Document No. 51, p. 7. The Office of Probation's and the District Court's error respecting Movant's Base Offense Level under U.S.S.G. § 2D1.1 had no impact upon his sentence as he qualified as a career offender and his Offense Level was determined on the basis of U.S.S.G. § 4B1.1.

had called this error to the District Court's attention, the District Court might not have given him as severe a sentence, and if he had pointed the District Court's error out on appeal, the Court of Appeals might have remanded for the District Court's further consideration. Id., p. 12. Next, quoting testimony of a police officer at his plea hearing respecting the factual basis underlying the charge contained in Count One of the Indictment, Movant claims that Mr. Parmer was ineffective in failing to appeal on grounds that the officer's testimony did not indicate his *mens rea*. Id., pp. 13 - 15. Finally, Movant contends that Mr. Parmer was ineffective in failing to claim on appeal as Movant directed that the District Court committed error in its application of the career offender Guidelines by starting at Offense Level 32 rather than 29 in view of his statutory maximum sentence of 20 years. Movant claims that the career offender table in the Guidelines specifies that when the statutory maximum sentence is between 15 and 20 years, the District Court should start at Offense Level 29. Id., pp. 15 - 17.[7]

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

---

[7] In its Presentence Investigation Report, the Office of Probation stated in determining that Movant qualified as a career offender on the basis of predicate controlled substance offenses that "[s]ince the statutory maximum for the offense of conviction is 20 years, the offense level is increased to 32 pursuant to U.S.S.G. § 4B1.1(b)." Document No. 57, ¶ 40. The District Court accepted the Office of Probation's determination. Document No. 51, p. 7. 21 U.S.C. § 841(b)(1)(C) prescribes a maximum of 20 years for possession of less than 5 grams of cocaine base. The statute, however, provides that "[i]f any persons commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . .." It therefore appears that because Movant had a prior felony drug offense, his career offender Base Offense Level should have been 34 under the table at U.S.S.G. § 4B1.1(b). With credit for acceptance of responsibility, Movant should have been sentenced at Offense Level 31 in the range of 188 to 235 months. Any error of the Office of Probation and the District Court in this regard therefore resulted in a sentence less than the law required.

>violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). *See* United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show

good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. *See* Theodorou*, supra*, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United

States, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

A defendant's right to effective assistance of counsel continues through direct appeal. Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985)("A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."). Claims of ineffective assistance of appellate counsel are examined under the same Strickland standards applicable to claims of ineffective assistance of trial counsel. Smith v. Robbins, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000). Appellate counsel is not required to raise all non-frivolous issues on appeal. Rather, a presumption exists that appellate counsel has decided which issues present the highest likelihood of success on appeal and raised those

issues. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)("A decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy."). Therefore, in order to prove ineffective assistance of appellate counsel, a movant must show that his appellate counsel failed to raise a strong meritorious issue on appeal. When no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)(" When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) The United States Supreme Court stated the duty of appellate counsel when appellate counsel determines that there are no meritorious issues for appeal in Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), as follows:

> His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support an appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court – not counsel – then proceeds, after a full examination of all proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned . . .. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

**A. Alleged Ineffective Representation in District Court Proceedings.**

Movant asserts that Mr. Parmer urged him to agree to plead guilty and waive his right to appeal his sentence if it was within the applicable Guideline range without any consideration of his criminal history and the law respecting career offender status. Indeed, Movant contends that Mr.

Parmer incorrectly informed him that his sentence would be in the range of 30 to 37 months in prison as Movant was considering whether or not to plead guilty. For these reasons, Movant claims, he did not know the consequences of pleading guilty when he did so, and so is apparently contending that his plea was not voluntary. Assuming that Mr. Parmer did not inform Movant respecting the possibility that he might be sentenced as a career offender and significantly underestimated Movant's possible sentence prior to Movant's entry of his plea as Movant claims, his failure in these respects does not constitute ineffective assistance of counsel under Strickland or any basis for invalidating Movant's guilty plea. Thomas v. United States, 27 F.3d 321, 325 - 327 (8th Cir. 1994)(Defense counsel's failure to inform Mr. Thomas that he might qualify as a career offender was not ineffective representation under Strickland where the District Court conducted the plea hearing in conformity with Federal Rule of Criminal Procedure 11(b)(1).); Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993)("Misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel."); Cuevas v. United States, 2012 WL 1883761 * 2 - 4 (M.D.Fla.)("A defense attorney's failure to explain the possibility of the client being sentenced as a career offender does not undermine the knowing and voluntary nature of the client's guilty plea where the client, during the change of plea hearing, acknowledges the maximum possible sentence and that the sentence could be greater than anticipated or estimated."); Littleton v. United States, 2010 WL 164 1075 * 2 (D.Md.)("[A]ny possible misunderstanding on Littleton's part as to the sentence he would receive was cured by the trial court during the Rule 11 colloquy, which took place before his guilty plea was accepted."); Sanders v. United States, 2004 WL 396354 * 4 (D.Del.)("It is well settled that an attorney's error in predicting a possible sentence does not constitute ineffective assistance under Strickland if there was an adequate guilty plea hearing.").

At Movant's plea hearing, the District Court covered all of the matters required under Federal Rule of Criminal Procedure 11(b)(1).[8] The District Court discussed the appeal waivers contained in the written plea agreement with Movant who was under oath, and Movant stated that he understood them as follows (Document No. 50, pp. 8 - 10.):

> THE COURT: All right. I want to ask you specifically some question regarding section 9 of the plea agreement. It's entitled 'Appeal of Sentence.' I want to make sure you understand both of the waivers contained in that section. In the first paragraph of that section, it basically provides that both you and the Government waive your right to appeal any sentence that is within the guideline range on the basis that it is unreasonable. You can appeal it on any other basis, but as long as it's in the guideline range you can't appeal it on the basis that it's not reasonable. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And then the second paragraph provides that as long as any fine that may be imposed is within the guideline range, both you and the Government waive your right to appeal that fine. Do you understand that paragraph?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. And, Mr. Parmer, do you believe that the defendant fully understands the appeal waivers contained in section 9 of the plea agreement?
>
> MR. PARMER: I do believe so, yes, your honor.
>
> THE COURT: All right. Thank you. Mr. Robinson, have you reviewed the plea

---

[8] Federal Rule of Criminal Procedure 11(b)(1) provides that during a plea hearing the District Court "must inform the defendant of, and determine that the defendant understands the following:

\* \* \*

(H) any maximum possible penalty, including imprisonment, fine and term of supervised release;

\* \* \*

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

> agreement in detail with your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you believe that you've had adequate time to discuss your case and the plea agreement fully with your lawyer?
>
> THE DEFENDANT: Yes.
>
> THE COURT: has your lawyer answered ant questions that you've had about your case?
>
> THE DEFENDANT: yes, sir.
>
> THE COURT: Mr. Parmer, during your representation of the defendant has he been cooperative?
>
> MR. PARMER: He has, your honor.
>
> THE COURT;Mr. Robinson, has anything further been agreed to, either orally or in writing, that is not contained in the plea agreement?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: All right. I will order that the plea agreement be filed. I will find that the defendant understands and agrees with the terms contained in the plea agreement.

The District Court informed Movant of the maximum sentence which it might impose "that being a maximum term of imprisonment of twenty years". Id., p. 12. The District Court then discussed the application of the United States Sentencing Guidelines with Movant as follows (Id., pp. 13 - 14.):

> THE COURT: Next I want to talk with you about the federal Sentencing Guidelines. They are advisory, but they will nevertheless play an important role in your case. This Court will consider the advisory guideline factors as well as the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence. I now want to ask you some questions that will help me to understand your understanding of the federal Sentencing Guidelines. Have you discussed with your attorney the various factors which help in determining what the sentence in your case may be under the advisory guidelines?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you understand that the Court will not determine the sentence for your case until a later date when a presentence report has been completed and both

> you and the Government have an opportunity to challenge the facts and analysis reported by the probation officer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you also understand that under a concept know as relevant conduct this Court in determining the total offense level for sentencing purposes under the guidelines may take into account any conduct, circumstances and injuries relevant to the crimes of which you may be convicted?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that after the Court has determined what advisory guidelines apply to your case the Court has the authority to vary or depart from the advisory guidelines and impose a sentence that is more severe or less severe than the sentence called for by the guidelines?
>
> THE DEFENDANT: Yes, sir.
>
> > \* \* \*
>
> THE COURT: Do you understand that if the Court accepts your plea of guilty and the sentence ultimately imposed upon you is more severe than you had hoped for or expected, you will still be bound by your guilty plea and will have no right to withdraw it?
>
> THE DEFENDANT: Yes, sir.

Later the District Court inquired respecting whether Movant was pleading guilty voluntarily and he was adequately represented as follows (Id., pp. 20 - 21.):

> THE COURT: Are you acting voluntarily and of your own free will in entering this guilty plea?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anyone promised or predicted the exact sentence which will be imposed upon you in this matter?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you understand that no one could know at this time the exact sentence which will be imposed in this case?

>THE DEFENDANT: Yes, sir.
>
>THE COURT: Has your attorney adequately represented you in this matter?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Has your attorney left anything undone which you think should have been done?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: Have you or your attorney found any defense to the charges contained in Count One?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: Are you in fact guilty of the crime charges in Count One? In other words, did you do it?
>
>THE DEFENDANT: Yes, sir.

In view of this plea colloquy, the undersigned finds that any failure of Mr. Parmer to discuss with Movant his qualification as a career offender, to estimate correctly his sentence and/or to explain Movant's waiver of his right to appeal his sentence prior to Movant's plea hearing did not constitute ineffective representation.

### B. Alleged Ineffective Representation on Appeal.

Movant contends that Mr. Parmer was ineffective in representing him on appeal because (1) he filed an Anders brief indicating that there were no meritorious issues to appeal which resulted in the Court of Appeals' summary affirmance of his conviction and sentence (2) he failed to appeal the District Court's finding respecting his Base Offense Level under U.S.S.G. § 2D1.1, (3) he failed to appeal the District Court's finding respecting his Base Offense Level under U.S.S.G. § 4B1.1, and (4) he failed to appeal the lack of evidence indicating a factual basis, more specifically his *mens rea*, respecting the charge contained in Count One of the Indictment through the officer's testimony at his

plea hearing. Movant's claims are clearly without merit. Clearly, the filing of an Anders brief is within the broad range of what is considered reasonable professional assistance. The undersigned finds that Mr. Parmer acted effectively as Movant's counsel on appeal by filing an Anders brief. He indicated that there was no meritorious issue for appeal and then claimed in conformity with the record which he made in the District Court that the District Court erred in not departing from the career offender Guidelines to give Movant a much lower sentence. Mr. Parmer therefore fulfilled his duty as Movant's appellate counsel under Anders, and indeed the Fourth Circuit confirmed it by stating in its decision that "we have thoroughly reviewed the record and have found no meritorious issues for appeal." Document No. 58, p. 2. In view of the Fourth Circuit's pronouncement based upon its independent review of the record that it found no meritorious issues for appeal, the undersigned finds that Mr. Parmer was not ineffective in representing Movant on appeal in failing to appeal the District Court's findings respecting his Base Offense Level and the factual basis for his plea because the record presented no meritorious basis for appeal as the Fourth Circuit found.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C.§ 2255. (Document No. 80.) and remove this matter from the Court's docket. Movant is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have seventeen (17) days (fourteen days, filing of objections

15

and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and transmit a copy to counsel of record.

Date: July 20, 2012.

R. Clarke VanDervort
United States Magistrate Judge